Good morning, your honors, Armela Staley and Gomo appearing on behalf of the appellant Pablo Franco. I would like to reserve about three minutes for rebuttal and we'll watch the clock. This appeal can be resolved on just one issue by following the plain language of 3582 C1B. 3582 C1B states that a court may not modify a term of imprisonment once it has been imposed, except in limited circumstances that do not include reconsideration. A term of imprisonment. Why would we go right to there? I'm sorry, your honor. Why would we go right to that part of the statute? Well, it seems to me that if we take the statute 1835 82 B, there are three ways that one can not have a final judgment. One is modifying it pursuant to subsection C. The second is correcting it pursuant to Rule 35. And the third is appealing and modifying outside the guideline range pursuant to another section. So given what it says in B1, it seems to me that one is now talking about compassionate release, correct? Correct, your honor. And that goes under B. If you're going in this section, B1 modified pursuant to subsection C. And if you go down to subsection C, it talks about modifying it for, if you will, the release, compassionate release, which would be A or B, Rule 35 or C2. You can go under two. So if you're doing that and you're only under C and you're only under C1A, where do you get B involved? Well, your honor, this case began with a time served term of imprisonment that was imposed by the court. It began with a time served only because the judge was giving compassionate release. Correct, your honor. The judge was not imposing a sentence. Judge was not sentencing. All he was doing was giving compassionate release. And under the old statute under compassionate release, we wouldn't even be here because usually the Bureau of Prisons had to bring this motion. Now, based on Congress's very smart idea, they let the defendant bring it. But now we're still under C1A. And I don't understand why B gets involved at all. Understood, your honor. And so the point that I was trying to make is that a term of imprisonment remains a term of imprisonment regardless of the process by which the court arrived there. And so the reason why we began or I began with the term of imprisonment is because Congress chose that specific language to let us know what could or could not be modified. I understand, your honor, in the order in which you're going through 3582, the initial sentence- Well, what I'm trying to do is follow the statute because you're arguing a statutory interpretation and I'm trying to follow the statute the best I can. And we are trying to focus on the term of imprisonment, what ultimately happened rather than the process because we don't believe that 3582 only applies to the initial sentence. It also applies to the time served term of imprisonment that the court set when she granted- Why? Given that the term of imprisonment that was imposed at that time was not a sentence at all. It was, in fact, nothing more than the court using the exact, if you will, paragraphs that I've suggested to give the defendant, your client, compassionate release. And again, your honor is speaking to the process. And so we're saying that the term of imprisonment applied regardless. And we agree that there are those three ways. There's rule 35, which has the strict 14-day jurisdictional limit. There is an appeal, which the government did not file here, not an appeal of the court's- Well, the government appealed. The government did appeal. They appealed the motion for reconsideration. They attempted to appeal by filing a reconsideration motion. However, that's different than appealing the judge's- So counsel, in Rivera-Rodriguez, we said, because we do not regard the district court's compassionate release as a sentence, we do not question its authority to reconsider the order. How does that statement affect your argument? So your honor, in Rivera-Rodriguez, sort of the inverse happened in that the district court granted the compassionate release order and then denied the government's reconsideration motion, and then the government appealed. In just one paragraph, they do address what the 11th circuit decided, which is that 3582 has narrow exceptions to when a term of imprisonment can be modified. But the First Circuit's reasoning in Rivera-Rodriguez, it goes off of the false premise that a sentence reduction is not a term of imprisonment. So obviously, you just think they were wrong. We think they were wrong. We would side with the 11th Circuit and we would also side with this court's decision in Barragan-Mendoza. Well, if I read our court's decisions, I find that, number one, the government doesn't need to file a motion for reconsideration until they can file it, but up to the point where they have to appeal. That's what we see when the cases which we have, I mean, we see that they have that long. That's Belgrade, United States versus Belguard. Sorry, I said grade. I don't know. It's guard. So motion for reconsideration is timely and filed. And we see, we read our cases, which say in U.S. v. Bryant, 114, fed forth, that this is not a sentencing proceeding. It has nothing to do with sentencing. Dylan said it before in the United States Supreme Court, but Bryant was pretty clear. Our court has controlled us by saying it's not a sentencing proceeding. So again, I'm trying to figure out how I can get to your argument, and I'm trying to do it under statutory interpretation terms. Sure, Your Honor. So if I could address Barragan Mendoza, Belguard, and Dylan, as the court just cited. So Barragan Mendoza had a similar situation to what we have here in that the government filed a reconsideration motion five days after the sentence or the time term of imprisonment had been imposed. The problem was that the court set a sentence until two, didn't set a hearing until two months later. And so it modified its term of imprisonment outside of the 14-day jurisdictional limit. But again, you're trying to lump all these cases together. And what I'm trying to say is, as I read this statute, it's a matter of statutory interpretation, and I've got to read each motion as it is. One can be one for compassionate release. One can be one for Rule 35, which deals with the sentence itself. Right in Rule 35, it talks about that. So again, I'm trying to figure out where you find the statutory interpretation language that you want to make for this argument. It's still within 3582, because as you said- So 3582B starts with, notwithstanding the fact that a sentence to imprisonment can subsequently be modified by a provision such as compassionate release, a judgment of conviction that includes such a sentence constitutes a final judgment for all purposes. That means that that is not an initial sentence, right? It's a compassionate release term of imprisonment, but it still constitutes a final judgment. The court then said in Pena that any exception should be narrowly and the court simply cannot change its mind about appropriateness of the term of imprisonment after the fact. And so even if we want to adopt the government's sentence modification or the court's sentence modification argument versus the initial sentence, Congress made it crystal clear that you cannot modify a term of imprisonment once it's been imposed, except in limited circumstances. Reconsideration is not one of the circumstances. So does Rule 35 apply here? Rule 35 does apply here in the first- Why does it apply? Because it's a term of imprisonment. The judge- But just a minute. Rule 35 is a different way to modify. It's a different way to modify that has a strict jurisdiction limit. It's a different way to modify. And when you read it itself, it says it's a sentence and it's only 14 days after the sentence. And what we're really talking about here is the sentence as given. Compassionate release is not a sentence. Bryant says it isn't. It's just a modification that you can do because of compassion. Well, and that's not before, Your Honor, because it was not addressed on appeal. The government did not appeal whether or not that's a sentence and whether or not the court's underlying compassionate release order was correct. The judge modified that term of imprisonment 23 days after having sentenced the time served term of imprisonment. That's outside of the 14-day jurisdictional limit. If Rule 35 does not apply in this context, we would still win because then the only legal remedy the government would have would be an appeal. And they did not file a notice of appeal either to a cross appeal on our notice of appealing the court's reconsideration grant or the underlying compassionate release order. And so we go back to that 14-day jurisdictional limit when we look at Barragan and when we look at Pena, regardless of how the court set that time served term of imprisonment on Mr. Franco back in September 2024. So, counsel, your time is up, but we've a lot of questions. We'll give you the full three minutes for your rebuttal. And if you decide that even though it's rebuttal, you want to address arguments that you didn't address in your opening, you may do that, even though that wouldn't technically be rebuttal. Thank you, Your Honor. Thank you. We'll hear from the government. Good morning, Your Honors. May it please the court. Andrew Chang for the United States. I want to address both jurisdiction and the merits, but because my friend on the other side mostly talked about jurisdiction, I will start there. The defendant's main argument is that because they say that compassionate release is actually an imposition of a new sentence, they claim that, therefore, any changes to that would have to be channeled through Rule 35's time requirements. But all of the evidence shows that compassionate release is not the imposition of a new sentence, as Judge Smith said. Well, it's not necessarily evidence. It's case law. It's case law and statute. And let's just start with Rule 35 itself. If you look at Rule 35, the plain text says that it only applies to an oral announcement of a sentence. And in this case, there was no oral announcement of a sentence. The district judge summarily granted release through a minute order. And that's sort of consistent with what compassionate release is. There's no right to a hearing. The defendant does not have the right to be present. And the judge is not re-evaluating the 3553A factors anew to try to impose a new sentence. Well, they have to evaluate the 3553A factors. Of course, Your Honor. But that comes at the very, very end of the process because compassionate release is a very, very narrow procedure where, first, the Sentencing Commission has to decide which small class of prisoners are entitled to this type of relief. And then the judge has to go and look at whether the defendant meets the exacting criteria imposed by the Sentencing Commission. And then only then is there a 3553A analysis. So that is not a sentencing. And if you go back to the main statute that we're talking about here, 3582C, it talks about compassionate release in terms of a modification to a imposed term of imprisonment. Congress could have written this to say the imposition of a new term of imprisonment, but Congress didn't write it that way. And for good reason. The reason is the phrase imposed term of imprisonment has a very specific meaning in federal sentencing law. Just go up to 3582A and it will describe an imposed term of imprisonment as a run of the mill sentencing under the 3553A factors. And that's just not what compassionate release is. And then... Let me ask you a question. I know where you're going with your argument. What is your best authority, I guess, for the position that 18 USC 3582C1B does not apply here? I think I would just point the court towards all the cases that we cited in page 20 of our appellate brief. 3582C1B talks about... Best authority. Best authority would be United States v. Dillon. Okay. Bryant. That's our recent case. A recent case would be United States v. Bryant. Bryant cited Dillon. Of course, Dillon dealt with another sort of related sentencing reduction provision in C2. But Bryant was squarely a compassionate release case. And it talked about... It cited Dillon and said very plainly, compassionate release is not a sentence. It is a sentence modification. So now, if we get past this argument, the last argument that counsel made is that you can't even talk about the thing that the district court did because you didn't appeal it. That was her last argument. Yes, Your Honor. Let's have your response to that. Well, my response to that would be, what would we be appealing? Because what the judge did ultimately, even though we don't necessarily agree with the judge's reasoning, is that the judge first granted compassionate release and then granted our motion to reconsider. We want that grant of reconsideration to be upheld. We don't want to appeal that. Only the defense wants to appeal that. And the cases are very clear that if a party doesn't cross appeal, or I'm sorry, if a party does not need to cross appeal, if it wants to affirm an order on alternative grounds, even if that party ends up attacking the reasoning of that order. That's the Supreme Court opinion of Jennings versus Stevens. That's cited in page 20 of the defendant's own reply brief. And we've cited a plethora of Ninth Circuit cases on page 28 of her answering brief. So my response to that would be, no appeal was necessary. The judge granted our motion for reconsideration. It is the defense who is appealing. And we are trying to defend that final order, even if we are asking the court to affirm on different reasons. And as I understand it, the alternative reasons are that what the district court did was just wrong. That's what we believe, Your Honor. We are asking the court to affirm the grant of reconsideration because we believe the judge made a baseline legal error in this case. Throughout these proceedings, both the judge and the defense have portrayed the government's actions here in quite a negative light. Judge Oda criticized the government for being cruel in trying to undo her grant of reconsideration. And she also criticized the government for purportedly sandbagging the court with untimely information after the release decision was made. But respectfully, Your Honors, I just don't think that is a fair or accurate characterization of the record. I think what the record shows in this case is that Judge Oda, in violation of the law, granted release to a dangerous inmate on prohibited grounds that no party supported in litigation or even anticipated could occur. But I mean, regardless of your characterization of what the district court did, I mean, when one looks at what the district court said, among other things she said, but for me, the reason I'm finding this, that is the reconsideration, is either clear error or manifest injustice, because for all the reasons that made me grant this to begin with, no longer exist for the court. So even if they were never there, the court recognized that, among other things, your gang evidence was compelling, right? She did do that. She did do that. So I mean, she listened to what you said. She understood that the age part was wrong, even though I understand your view that age is never relevant. But she looked at the gang evidence, the transcripts, the affidavits of the agents, and basically she agreed with you that this is not somebody who's entitled to compassionate release, including because of the gang affiliations or the potential gang affiliations. That's correct, your honor. That's correct. And the court can affirm for those reasons. Let's just stop there. Putting aside the BOP report and the phone call, was the district court's misunderstanding about Franco's age enough to grant reconsideration? Well, I mean- I mean, if we get so far as to say, we're going to go to reconsideration, we're going to apply the civil way to reconsider. We're not going to allow you to raise arguments or present evidence that you could have done the first time. Only can be new evidence, which is the civil standard, which was argued to me all the way along. I'm saying, is the district court's understanding about the age enough to grant the reconsideration? I think it was enough because the district court made age such a prominent factor in release that because he was not the age that the district court thought, that was a clear error. But because the judge made that such a prominent part of her release order, I think that it was a clear error that warrants reconsideration. So do we even need to address the BOP report and phone call if we go there? I mean, I realize your first argument is we don't even need to talk about this. That's right. Bryant is on all fours with this case. You can't do it for age. You can't do it for rehabilitation. You're done. That's what Bryant said. That is the government's position. And I realize that. But supposing we didn't get that because there is, after all, a... I'm going to use the French word, melanging. There's a mixing of age and rehabilitation in the whole. It's not one or the other, even though they laid it out that way in Bryant. I guess that's the thing that worries me. Do I need to go to reconsideration or for the BOP report? Do I need to go to the phone call? Can the age be enough if we get that far? Well, let me say, I want to address your question, but let me just say what does worry the government? What worries the government is that if the court does not address the legal error that the government is trying to present to the court, then the same type of legal error could happen again in that courtroom and in other courtrooms. And the type of release that endangered the public in this case could happen again. So that is the government's concern. And that is why the government is pushing hard for the court to address this legal error question that wasn't really ever addressed or acknowledged below. But to answer your question, Judge Smith, the judge granted reconsideration because of age, because of the phone call, because of the BOP report. I think that if that's the way the court wants to affirm, it has to consider all of those things because that is what the judge did in granting the motion for reconsideration. All right. Thank you. Thank you. Thank you, Your Honor. And we ask the court to affirm. Thank you, Your Honor. What worries the defense is that a judge can modify a term of imprisonment based on compassionate release, Rule 35B retroactivity. And then at any point after that, if the government finds or goes fishing for additional new information outside of that 14-day jurisdictional limit, they could modify that unencumbered with new information- How long will they have to modify? Well, if we were to follow the plain language of 3582- If we go under, yeah, if we go under Rule 35B, we got 14 days. But if we don't go under Rule 35B, they have how long? There would be no limit. Yeah, no, there is a limit. They have to bring the motion for reconsideration before the time for appeal goes. That's exactly what Bellegarde says. Your Honor, and then I did want to talk about Bellegarde. Just to point out that Bellegarde dealt with a motion to reconsider, a motion to dismiss the indictment. And there, the government did file an appeal within the 30-day period. And so again, I do think the fact that the government did not file an appeal of either the judge's underlying compassionate release order or a cross appeal to our appeal on the reconsideration grant is significant. I'll note that in Barragan, Mendoza, the same thing happened. The government did not file a cross appeal there. And so, Your Honors, this court said that it lacked jurisdiction to change its sentence to the legal sentence that the government wanted, even though it was late. They said they could only rule on the government's Rule 35 motion and couldn't address the legal versus illegal sentence, which the government is trying to promote here because they hadn't filed a notice of appeal. Also, just going back to Dillon, I know there's much discussion about Dillon, but Dillon didn't address any of the issues that are being raised here. They discussed the process and the mechanism for a retroactive sentence reduction, not the authority of the district court and not the jurisdiction a district court has in this scenario. But I think you're misreading, Dillon. And even if you're not, doesn't Bryant really preempt what we three can do? I mean, U.S. v. Bryant is about compassionate release. It's dead on. It may be wrong. I'm not saying it's right. It may be wrong. But it does say exactly what we can do and we can't do. So even though you might argue Dillon doesn't exactly apply, Bryant applied Dillon and did it to exactly our situation. Well, Bryant applied Dillon only in trying to describe that there's fundamental differences between sentencing and a sentencing modification, but it did not change the fact that a court may not modify a term of imprisonment once it's been imposed. In fact, Bryant cites that language in its opinion. We'd raised several factors in the compassionate release order outside of youth and rehabilitation. There's also service to the BOP. There's also information about his medical circumstances. There was also other requests for home confinement and location monitoring. And so it was a combination of circumstances case that we presented in compassionate release that was not in Bryant. Bryant was primarily raised on youth. And I agree with your honor that that's if we were to even get to the merits. Again, we don't believe we need to get to the merits and even Bryant applies in this situation. This is essentially a backdoor way to piggyback on defense counsel's appeal to now argue that the judge's underlying order was wrong when no appeal was filed and no specific argument was made with regard to a rather rule 35 applies rule 59 or the law of the case. Dr. We thank counsel for their arguments. The case just argued is submitted. And with
judges: SMITH, BENNETT, MENDOZA